JOHN FINNEY, Respondent, *v.* LEWIS J. CIST, Appellant.

*Landlords and Tenants—Covenant for renewal.*—A covenant by the landlord to renew the lease for a second term, does not give the tenant a right at law to retain possession of the premises demised after the expiration of the original term. If the landlord refuse to comply with this covenant, the tenant has a remedy in equity, or in an action upon the covenants.

*Forcible Entry—Unlawful Detainer.*—In an action of unlawful detainer, for detaining possession of the premises demised after ·the expiration of the term, the tenant cannot set up as a defence the covenants of the landlord in the original lease to renew the term, and his refusal to comply with the covenant.

*Appeal from St. Louis Land Court.*

*Lackland, Cline & Jamison,* for appellant.

So long as the tenant had any legal interest in the land or tenement under the lease, he could not be dispossessed by

this form of action; if the term was to expire at the end of ten years, and the tenant by virtue of the lease was entitled to be paid for his improvements, the landlord could not dispossess him under this form of action unless he first tendered the value of the improvements; so also if a tenant be induced to put up valuable improvements upon demised premises under a written agreement that he shall be permitted to enjoy them for a definite period of time, this right cannot be divested by the mere wrongful act of the landlord; the law would not assist in the perpetration of so gross an outrage.

*Krum & Decker*, for respondent.

I. Unlawful detainer is a statutory action which must be instituted before a justice. The form of the complaint and evidence to be heard are prescribed by the statute. No authority exists to permit other questions or issues to be tried.

The 16th section provides what proof shall be sufficient to warrant a verdict. The issue which the defendant proposed to try, that his landlord, who was assignee of an assignee of the term, was entitled to a renewal of the term because the lessee had performed his covenants, could not be determined in this action; the assignee of the lease was not a party to the action, and could not be bound by any such issue; it would be a farce to compel the plaintiff to litigate this question with all the sub-tenants of the assignee of the lease.

Such a defence is based on the theory, that in equity the assignee of the lessee continues to be the tenant of the plaintiff and is entitled to a renewal; a defence which a justice has no authority to hear, because he cannot enforce a specific performance. (Ridgly v. Stillwell, 28 Mo. 400.)

The proper course for Garnhart was to enjoin the proceedings, and litigate his claim in a court of competent jurisdiction.

The instrument cannot be regarded as a lease for a longer term than ten years.

(*a.*) Because the term granted *in habendum*, is limitation in express terms to ten years.

(*b.*) It would be absurd to renew a lease that had not determined.

(*c.*) The very existence of a conditional covenant to renew the lease, destroys the idea of a continued term. The continuation and extension of the term is one thing; but a lease to be renewed for ten years contemplates a new contract, and that second lease to be in writing to be without the statute of frauds.

(*d.*) No case can be found where a covenant to renew a lease was regarded in law or equity as a lease in fact; words *in presenti* are necessary that this renewal should be a lease in fact; but the words of this covenant are *in futuro*, " that the lease should be renewed." The instruments in cases, Thornton v. Payne, 5 John. 74, and Hallet v. Wayne, 3 John. 44, contained words of lease *in presenti*.

(*e.*) The condition upon which the renewal depends is the performance of all covenants by the lessee; if this be a lease for twenty or thirty years, the benefit of that condition, if broken, would be wholly lost to the lessor.

II. A breach of covenant in a lease on the part of the lessor, cannot be set up by a tenant of the lessee as a defence to an action of unlawful detainer.

(*a.*) Because this covenant does not enure to the benefit of the sub-tenants of the lessee. Although the covenant to renew runs with the land, it enures only to the assignee, and not a *sub-lessee*. The covenantor cannot be made liable to everybody who happens to be in possession, but only to such as stand in the relation of tenants to him, viz., the lessee and his assignee.

(*b.*) The assignee himself could not have made such a defence; he covenants expressly to return and surrender at expiration of the term; he cannot justify on the ground that the landlord has broken his covenant; his rights remain unimpaired; he has his action at law for breach of covenant, and in equity for specific performance.

The cases in the books which might seem to militate against this doctrine, will be found upon examination to be decisions based upon the construction of the language of particular instruments, and not general principles of law, as 2 Duer, 446 ; 6 Wend. 569.

These are exceptions to the general rule based on special contract, and serve only to strengthen the general rule.

A breach of covenant by lessor is no defence by tenant to an action of rent.   (Tibbetts v. Percy, 24, Barb. 43, and cases cited.)

A breach of covenant not to sell for two years, in a mortgage made by defendant to plaintiff, is no defence at law to an action of ejectment under execution sale, made in violation of such a covenant.   (Jackson v. Davis, 18 Johns. 7.)

A covenant to surrender upon the lessors paying for improvements, is not a condition precedent to a right of reentry.   (Tallman v. Coffin, 4 N. Y., Comst., 138.)

An agreement to arbitrate is no defence to an action. (Haggart v. Morgan, 5 N. Y., 1 Seld., 427 ; Smith v. Compton, 20 Barb. 267.)

BATES, Judge, delivered the opinion of the court.

This is an action for unlawful detainer.   The complaint showed that the plaintiff, on the 21st of June, 1849, leased to one Brown, for the term of ten years from that date, a lot of ground in the city of St. Louis ; that the defendant occupied a part of said premises under said lease and lessee ; that the term granted by said lease had fully expired by lapse of time ; that the lease contained a covenant by the lessee to erect certain buildings on the land, and that they had not been erected ; that the lease provided that any failure by the lessee to perform a covenant should create a forfeiture of the lease, of which notice might be given the lessee or his legal representatives, and that such notice had been given the defendant ; and that the plaintiff had in writing demanded of the defendant the possession of the premises, which he refused.

At the trial, the plaintiff gave in evidence the lease to Brown, which was for the term of ten years, and contained also this provision: "This lease shall be renewed for ten years longer after the expiration hereof, provided the said lessee, or his legal representatives or assigns, shall punctually pay all the rent and taxes of every description, nature or kind, which may be assessed on or legally demanded of said premises, as the same shall become due, and perform all other covenants, agreements and stipulations herein set forth; and said renewed lease shall contain all the covenants, agreements and stipulations this lease contains, except that the annual rent in such renewed lease shall be at the rate of six per centum on the ascertained value of said lot of ground; which valuation shall be made without any reference to the improvements erected on said premises, and as if none were made and erected on said premises; should said lessor and lessee, or their legal representatives or assigns, be unable to agree upon the value of said premises, then said lessor and lessee, or their legal representatives or assigns, shall each appoint a competent and disinterested person to value said premises, both of whom shall be freeholders and residents of the city of St. Louis; but should the two appraisers so chosen be unable to agree upon the value of said premises, then said two appraisers first chosen shall appoint a third competent and disinterested person, who shall be resident and freeholder in the city of St. Louis; and should said two appraisers first chosen be unable to agree upon the third appraiser, then he shall be elected by lot from the two named by said appraisers first chosen," with other provisions as to the renewed lease.

Then followed this provision:

"This lease may be renewed for ten years longer after the expiration hereof (viz., commencing on the first day of June, 1869, and ending on the last day of May, 1879) in the same manner as hereinbefore set forth, and subject to all the covenants, agreements and stipulations hereinbefore mentioned."

It was then admitted that John Garnhart became the as-

signee of said lease in due form, and that the defendant went into possession of the premises prior to the first day of June, 1859, as the tenant of Garnhart, and continued to occupy the premises.

The plaintiff then proved that he had, in writing, demanded possession of the premises from the defendant, stating in his demand that the term was ended by lapse of time, and also that it had been determined by forfeiture.

There was no evidence given of any failure by the lessee, or his assigns, to perform the covenants contained in the lease on the part of the lessee; but, on the contrary, it was admitted that they had "performed in proper time all the conditions of said lease."

It was also admitted that Garnhart, on the 2d of June, 1859, gave the plaintiff notice of the appointment by him of a proper person to appraise the lot leased, in conjunction with one to be appointed by the plaintiff, and the plaintiff refused to appoint an appraiser or to renew the lease. Upon the evidence, the court instructed, in effect, that the plaintiff was entitled to recover.

The defendant is regarded (as evidently he was regarded by the court below and by the parties) as having the same relation to the plaintiff, as to this suit, that the original lessee would have had if he had remained in possession of the premises. The action is brought under the third section of the act concerning forcible entries and detainers, which is as follows: "When any person shall wilfully and without force hold over any lands, tenements, or other possessions, after the termination of the time for which they were demised or let to him, or the person under whom he claims    *    *    *    and after demand made in writing for the deliverance of the possession thereof, by the person having the legal right to such possession, his agent or attorney shall refuse or neglect to quit such possession, such person shall be deemed guilty of an unlawful detainer."

The determination of the lease by forfeiture, set up in the complaint, was abandoned at the trial, and therefore the sole

Finney v. Cist.

question is whether the time had expired for which the premises were demised to Brown, under whom the defendant claims. The term of ten years had expired, and although the evidence showed that the lessee was entitled to a renewal of the lease, yet this was an equitable right which a justice of the peace could not inquire into and give the relief to which the lessee was in equity entitled. (Ridgly v. Stillwell, 28 Mo. 400.) That this may be a hard case of oppression by the landlord, cannot affect the legal question involved. The lessee has his remedy in another form of action.

Judgment affirmed; the other judges concur.