JESSE ARNOT *et al.*, Respondents, *v.* BASIL W. ALEXANDER, Appellant.

1. *Landlord and tenant — Leases — Renewal, covenant of.— Indefiniteness in, how may be cured by court of chancery.*— Leaving the amount of rent for the renewal term of a lease to be ascertained by what "responsible parties would agree to give for the use of the premises" fixes the rent with as much certainty as though it were to be determined by a board of appraisers to be selected by the parties to the lease; and a court of chancery may in either case hear evidence and determine for itself the rentable market value of the premises where the appraisement fails. What "responsible parties will agree to give" for the use of the rentable business property is nothing more than its full or highest rentable value.

2. *Landlord and tenant — Lease—Renewal, covenant of — Violation of, lessee has what remedy.*—Where by the covenant for renewal of a lease the lessee is entitled thereto, "provided that parties can agree upon terms, or that said lessee is willing to give as much as any other responsible party will agree to give," it is in every way reasonable and just that the lessee should elect his remedy, and either take damages at law or have a specific performance in equity.

*Appeal from St. Louis Circuit Court.*

*Rankin & Hayden,* for appellant.

Equity will not give certainty and definiteness to a contract which, as in the case at bar, the parties have left utterly uncertain and indefinite. It is only where the terms of a covenant to renew are express and unequivocal that specific performance will be enforced. (Taylor on Land. and Ten. §§ 332, 333 ; Fry on Spec. Perf. § 203 ; Robinson v. Kittelas, 4 Edw. Ch.; Whitlock v. Duffield, 1 Hoff. Ch. 110 ; Hammer v. Eldowney, 46 Penn. St. 334.) The phrase "as much as any responsible parties will agree to give" does not mean merely "the highest market price." The defendant might possibly have found parties who, from their circumstances or peculiar facilities for the business, were willing to go beyond the highest market price; and if so, how could the court below, by a construction, deprive him of a chance—no matter how small a chance—which his contract gives him ? The present case must not be confounded with that class of cases where, though some term of the contract has not been defined, a method has been expressly pointed out by the parties

by which it may be defined, as where the parties say " at such sum as shall be appraised," " at such sum as shall be fixed upon by indifferent persons," etc., etc. These cases go further than many courts have approved, but they are defended on the ground that a specific and particular mode has been by the parties themselves pointed out, and that the event has only to follow out that mode as the parties would have done themselves; but where that particular mode cannot be followed out, or where not only a particular mode but particular parties are selected, and such parties can not or will not act, equity will not attempt to enforce the contract. (Wilkes v. Davis, 3 Meriv. 506; Morgan v. Milman, 17 Eng. L. and Eq. 203; Baker v. Glass, 6 Munf. 212; Wallingford v. Wallingford, 6 Har. & J. 490; Bromley v. Jeffries, 2 Vernon, 415; Cooth v. Jackson, 6 Ves. Jr. 34; Milnes v. Gery, 14 Ves. 400; Blundell v. Brettargh, 17 Ves. 232; Garnley v. Duke of Somerset, 19 Ves. 429; Agar v. Marklew, 2 Sim. & S. 418; Darbey v. Whittaker, 4 Drew. 134; Ld. Ormond v. Anderson, 2 B. & Beat. 363; Stratford v. Bosworth, 2 Ves. & B. 341.)

*Cline, Jamison & Day*, for respondents.

I. The petition contains a cause of action; for the contract in issue is not one for a new lease, but a covenant to renew the old one, and adopts all of its terms and covenants, except as to time and the amount of rent to be received in the renewal. (9 Ves. Jr. 325; 3 Atk. 83; 7 East. 237.)

II. The covenant does not fix the amount of rent to be reserved, but points out the means whereby it is to be and can be determined. (Hall v. Warren, 9 Ves. Jr. 605; Blackmore v. Boardman, 28 Mo. 420; Finney v. Cist, 34 Mo. 303; Garnhart v. Finney, 40 Mo. 449.)

III. This court has repeatedly held that a covenant for renewal is valid and binding when the rent to be reserved is to be determined by arbitrators, one to be chosen by each party, and they to choose the third, although the lessor refuses to appoint any one to arbitrate. Here the court will hear evidence

and fix the value of the rent, and decree specific performance or hold the lessor liable in damages for his breach of covenant. (28 Mo. 420 ; 40 Mo. 449.)

CURRIER, Judge, delivered the opinion of the court.

This is a petition in the nature of a bill in equity, praying for the specific execution, on the part of the defendant, of his covenant to renew a lease. The covenant is in these words : " If this lease shall not be terminated by forfeiture or any other cause before the expiration of the five years, then said lessee or his legal assigns shall be entitled to a renewal of the same for five years longer ; provided said parties can agree upon terms, or that said lessee is willing to give as much as any other responsible party will agree to give."

The conditions upon which this covenant for renewal was to be executed have been complied with, and it is not insisted that its non-execution would not be injurious to the plaintiffs. The case would therefore seem to fall within the jurisdiction of chancery, and warrant a decree for a specific performance of the covenant on the part of the lessor. But it is insisted on the part of the defendant that the covenant is vague and uncertain ; that equity will not give certainty and definiteness to an obligation which the parties have left uncertain and indefinite ; that it is only where the terms of a covenant for renewal are express and unequivocal that specific performance will be enforced in chancery. The uncertainty and indefiniteness complained of, upon which the defense is rested, are supposed to attach to the provision respecting the *quantum* of rent to be reserved for the renewal term of the lease. The provision itself is express and unequivocal, although it fails to fix a specific amount of rent. That was to be determined by what other responsible parties would " agree to give" at the expiration of the first term of five years. The amount of rent thus to be reserved is no more uncertain or indefinite than it is in all that class of cases where the amount of rent for the renewal terms is left to be determined by the valuation of third parties. In these cases it is not denied that the covenant for renewal is sufficiently definite, express, and unequiv-

ocal, to justify their enforcement in chancery. The court, in such cases, will hear evidence and fix the amount of rent, and decree specific performance or hold the covenantor liable in damages for the breach of his covenant. (Hall v. Warren, 9 Ves. Jr. 605; Blackmore v. Boardman, 28 Mo. 420; Finney v. Cist, 34 Mo. 303; Garnhart v. Finney, 40 Mo. 449; 2 Sto. Eq. Jur. §§ 722, 751.) Leaving the amount of rent for the renewal term of the lease to be ascertained by what responsible parties would agree to pay for the use of the premises fixes the rent with as much certainty as though it were to be determined by a board of appraisers to be selected by the parties to the lease, each selecting one, with authority in these to select a third in case the two should disagree. The standard of valuation would be the same in both cases, to-wit: the rentable market value of the premises at the time the valuation should be made. If the court may hear evidence and ascertain for itself the value when the appraisement fails through a refusal to appoint an appraiser, why may it not hear evidence and decide the value when the appraisement fails from some other cause? The whole supposed difficulty rests upon the idea that what "responsible parties will agree to give" for the use of rentable business property is different from and may be "something more" than its full or highest rentable market value. This view of the subject we conceive to be erroneous. For whose benefit and to what end was this clause of renewal introduced into the deed of lease? Evidently it was intended for the benefit of the lessee, and may be supposed to have formed an inducement to the original renting. If the condition to the renewal included the payment by the lessee of anything more than the highest rentable market value of the leased premises, of what advantage could it be to him? Such a construction of the clause defeats the evident purpose and understanding of the parties, as that purpose and understanding is gathered from the language they employ. The lessee, instead of being put to a disadvantage in the general competition, was to be a favored party. By the terms of the contract he was to have the preference over other responsible bidders, and the irresponsible were excluded from the circle of competition. The

amount of rent, therefore, was to be determined from the competition that might arise between exclusively responsible bidders in a fair and open market — that is, by the market value of the premises at the time of renewal. It is to be presumed that the parties contracted with reference to fair, reasonable, and practical results, and the language employed by them should have a fair, reasonable, and practical construction. While equity does not make contracts for parties, it gives construction to contracts which parties make for themselves, and therein employs the same rules of interpretation which prevail in courts of law. No forced construction which calculates remote chances and possibilities, and which tends rather to defeat than give effect to the real purposes of the contract, will be resorted to in order to turn an injured party over to inadequate legal remedies. It is against good conscience that the lessor in this case should be allowed a right of election whether he will honestly perform his covenant or simply pay damages for a breach of it; but it is in every way reasonable and just that the lessee should elect his remedy, and either take damages at law or have a specific performance in equity. ( 2 Sto. Eq. Jur. § 717 a.) The case presents no insuperable difficulty in the way of this just result being reached. With the concurrence of the other judges, the judgment of the court below is affirmed.