CHARLES H. DOWNING, as Executor, etc., of Joseph M. Leon, Deceased, Plaintiff, *against* DRAMIN JONES, Defendant.

(Decided December 4th, 1882.)

Where an assignment of a lease containing covenants of renewal is made without any express reservation, the right to renewals may pass to the assignee, although the *habendum* of the assignment merely sets out the existing term assigned, making no reference to the covenants of renewal.

CASE submitted under section 1279 of the Code of Civil Procedure.

On October 10th, 1834, Beekman and others leased to Edward Smylie certain premises on Henry Street, New York City, for the term of twenty-one years, from May 1st, 1834, with covenants for two renewals of twenty-one years each. On September 9th, 1835, Smylie executed an assignment (with the lease annexed) whereby he granted, conveyed, assigned, transferred and set over to John Anderson the annexed indenture of lease " to have and to hold the same unto the said John Anderson and his assigns from the

Downing v. Jones.

9th day of September instant *for and during all the rest, residue and remainder yet to come of and in the term of twenty-one years* mentioned in the said indenture of lease, subject, nevertheless, to the rents, covenants, conditions and provisions therein also mentioned."

· Anderson assigned the lease, with its renewals, to Edward James. It was subsequently assigned by James to Matthew D. Stevenson, by Stevenson to J. B. Nones, by Nones to Esther Leon, and finally by Mrs. Leon to J. M. Leon.

A renewal for twenty-one years from May 1st, 1855, was granted on September 20th, 1855, to Mrs. Leon. A second renewal for twenty-one years from May 1st, 1876, was granted to Mr. Leon. Both renewals contained the proviso that if it should thereafter appear that the party of the second part was not the lawful owner of said lease, and legally and equitably entitled to claim the renewal thereof, the indenture and the estate thereby granted should be void.

The defendant contracted to purchase the lease from the executor of Leon, but objected to the title on the ground that the right to renewal and compensation for improvements, contained in the original lease, did not pass by the assignment from Smylie to Anderson.

*Richard S. Newcombe* and *Albert Cardozo*, for plaintiff. .

*M. A. Kursheedt*, for defendant.

J. F. DALY, J.—[After stating the facts as above.]—I do not regard the words of the *habendum* clause of the assignment from Smylie " to have and to hold . . . . . for and during all the rest, residue and remainder yet to come . of and in the term of twenty-one years mentioned in the said indenture of lease " as depriving the assignee of the benefit of the covenants of renewal contained in the lease.

The grant by the assignment was of the whole lease from Beekman and others to Smylie—" the annexed indenture of

lease "—together with the premises and buildings thereon and the appurtenances. An assignment of the lease, or of the whole term, passes with it all covenants that run with the land, including covenants of renewal (Taylor on Landlord and Tenant, 445). There must be, therefore, an express reservation to prevent every right and interest of the lessee passing under such an assignment. There was no express reservation, and the annexing of the lease to the assignment, and the conveyance of the building, showed an intention that no interest in the instrument or the subject matter of it was to be reserved by the lessee. The *habendum* clause could not, as I read it, even in terms be construed to deprive the assignee of the benefit of any covenants in the lease, because it did not refer to the covenants. It professed to set out the *term* assigned, and did so correctly, the lease being undoubtedly for the term of twenty-one years. There was no term under the covenants of renewal, nor until the renewal was executed.

But if the *habendum* could be construed to limit the assignment to an estate for twenty-one years, excluding any interest in the covenants of renewal, then it was inoperative, because repugnant to the granting clause which assigned the whole indenture of lease, and thus conveyed the whole interest of the lessee therein (4 Kent Comm. 468; 3 Washburn on Real Property, 642; *Kenney* v. *Wallace*, 24 Hun, 478; *Mott* v. *Richmyer*, 57 N. Y. 62). It is as if the lessee had granted " the term and the right to all the renewals *to have and to hold* for the term." Such a clause would not define or qualify the grant (which is the office of the *habendum* clause), but would be irreconcilable with it and would be rejected. (See authorities above cited.)

I am of opinion, therefore, that all the interest, estate and rights of Smylie as lessee passed under his assignment to Anderson, and that Mr. Leon's title thereto was good, and that the plaintiff should have judgment as stipulated in the case agreed upon.

VAN HOESEN, J.—I think that the difficulty in this case arises from an error in punctuation, which has divided the *habendum* clause into two separate sentences. The *habendum* clause ought to be read thus: To have and to hold the said indenture of lease, etc., for and during all the rest, residue and remainder yet to come of and in the term of twenty-one years mentioned in the said indenture of lease, subject, nevertheless, to the rents, covenants, conditions and provisions therein also mentioned. The draftsman of the instrument has placed the words beginning "subject, nevertheless, etc.," in a sentence by themselves. This is an error. The words "subject to" are here equivalent to *with;* and if the indenture of lease were assigned with all its covenants, the covenant of renewal was, of course, included, and it passed to the assignee.

I concur in holding that judgment should be given for the plaintiff.

VAN BRUNT, J., concurred.

Judgment for plaintiff.