A. Gruenewald et al., Respondents, v. J. H. Schaales, Appellant.

April 7, 1885.

1. Landlord and Tenant—Notice to Quit.—A tenant from month to month is entitled only to a month's notice to quit, notwithstanding he may have an equitable right of action to compel the execution of a lease for a given period.

2. —— Unlawful Detainer—Equitable Defence.—In unlawful detainer the defendant can not set up an equitable defence in the circuit court on appeal from a justice of the peace.

3. —— Judgment Against Surety on Appeal Bond.—The circuit court,

on appeal in such an action, can not render judgment against the defendant's surety on the appeal bond.

APPEAL from the St. Louis Circuit Court, HORNER, J. *Reversed and remanded with directions.*

W. M. KINSEY, for the appellant: On appeal from the judgment of a justice, the circuit court can not render judgment against the surety on the appeal bond in an action of unlawful detainer.—*Hulett* v. *Nugent*, 71 Mo. 134.

LEO RASSIEUR and DEXTER TIFFANY, for the respondents.

ROMBAUER, J., delivered the opinion of the court.

Plaintiffs instituted an action of unlawful detainer against defendants, and obtained judgment before a justice of the peace, from which defendant appealed. Upon a trial anew in the circuit court, plaintiffs again recovered judgment, and that court thereupon entered judgment against the defendant and his surety in the recognizance for $276.66, double the sum assessed by the court for their damages, and also at the rate of fifty dollars per month, double the amount found by the court for monthly rents and profits.

The defendant appealed, and the errors complained of by him in this court are as follows: That the notice to quit, terminating his tenancy, was insufficient. That the court erred in refusing to instruct the jury that under the evidence defendant was a tenant for five years, and not a tenant from month to month. That the court erred in not permitting defendant to give evidence tending to establish an equitable defence to plaintiff's action. That the judgment against the surety in the recognizance was unwarranted by statute.

We shall examine the errors thus complained of in detail.

Giving to the evidence the most favorable construction for defendant, and it is tending to show the following facts: The defendant conveyed the premises in controversy in March, 1875, to plaintiffs, by deed absolute on

its face, but intended as a mortgage for advances. On the 27th day of May, 1879, and at a time when the time for redemption had expired, the parties entered into a new contract, whereby plaintiffs agreed to resell the premises to defendant at any time within five years from that date, for a sum aggregating the original advances and money expended by plaintiffs on account of the premises, with ten per centum per annum from date of outlay to date of repayment, less such sums of money as may have been received for rents of the property. The written agreement of May 27, 1879, contained among others the following clause:

"It is distinctly understood that in case the said Schaales pays any money on account of said purchase price, such payment on account shall not entitle him to possession of the premises, nor hold to him the above privilege of purchase, unless the whole purchase price be paid within the said period of five years from date hereof."

Contemporaneously with the execution of this instrument the defendant executed another in the following words:

"This memorandum of agreement witnesseth that the undersigned, John H. Schaales, holds and occupies the first story of a brick house on the east side of Fifteenth street, being on lot No. 23, in block No. 548, of the City of St. Louis, said house being numbered ——, North 15th street, as tenant of August Gruenewald and Anton Wind, said tenancy being at the rate of twenty-five dollars per month, payable at the end of each and every month, *and being also a tenancy from month to month, beginning on the 27th day of May, 1879.*

"Witness my hand and seal at St. Louis, May 27th, 1879.

"John H. Schaales.    [seal.]"

The premises mentioned in both agreements are the premises in controversy.

Construing both of these instruments together as part of one contract, and the most favorable construction that

defendant can claim is that he has a latent equity by virtue of the ambiguous clause in the first instrument which is above quoted, and that such equity might entitle him to the execution of a lease for five years, from May 27, 1879, so as to secure to him the continued possession of the premises, provided he ·pays the whole purchase price within five years.

The memorandum evidencing the monthly letting is free from all ambiguity, and constituted the defendant a monthly tenant, whose tenancy. began on the 27th of May, 1879, and may be terminated at any time, upon notice of one month.—Rev. Stat., sect. 3978. All that that· section contemplates is a written notice clearly evidencing an intention to terminate the tenancy. The notice given in this case fully complies· with the requirements of the statute, and, as the tenancy was from a day fixed, was sufficient in designating the termination, as at the end of the ensuing month.— Taylor on L. & T., 7 ed., sect. 476.

The defendant's objection to the notice is therefore not well taken.

The action of unlawful detainer is a statutory action, and must be originally instituted before a justice of the peace. It is evident that whatever equities the defendant may have, he could not have asserted the same before the justice. Defendant seems to concede this, but maintains that he could assert them in the circuit court, because the statute provides, touching this action, that :

"When a cause shall be removed to the circuit court by a certiorari or appeal, such court shall proceed to hear, try and determine the same anew, as if it had originated in such court, without regarding any error, defect, or informality in the proceedings of the justice."

This question has been settled adversely to defendant's claim by repeated adjudications of our supreme court, under the identical provisions of the statute.—Rev. Stat., 1855, p. 800, sect. 33; *Ridgley* v. *Stillwell*, 28 Mo. 404; *Finney* v. *Cist*, 34 Mo. 309.

In both of these cases an equitable defence was sought to be made in the circuit court, on appeal in actions of unlawful detainer, and the supreme court decided that it could not be done.

The defendant's objection, therefore, to the action of the trial court in not permitting him to assert in that court whatever equities he may claim to have, is also not well taken.

The last objection of defendant, however, namely: That the trial court erred in rendering judgment both against him and his surety in the recognizance must be sustained. The judgment against his surety was unwarranted. *Keary* v. *Baker*, 33 Mo. 603; *Gunn* v. *Sinclair*, 52 Mo. 327; *Powell* v. *Camp*, 60 Mo. 569; *Hulett* v. *Nugent*, 71 Mo. 134. For this error the judgment rendered below must be reversed. We might enter the right judgment against defendant alone here, but deem it more proper in conformity with the precedent established in *Hulett* v. *Nugent*, *supra*, to reverse the judgment and remand the cause to the trial court with directions to enter the judgment against defendant alone. It is so ordered. Respondents to pay the costs of this appeal. All the judges concur.