FRANK PHELPS, Appellant, v. JOEL B. ERHARDT, Receiver, etc., Respondent.

*Supreme Court, First Department, General Term, May 24, 1889.*

1. *Landlord and tenant. Assignment.*—The lessee, where there is no provision in a lease that he will not assign without the lessor's consent can assign his right to a new lease, for the renewal term, and such right does not, in such case, depend upon the consent of the lessor.

3. *Same Receiver.*—Where the assignee is acting in the capacity of a receiver, and exceeds his duty so such, in taking the lease, it is a matter for him to settle with the court and in no ways concerns the lessor. Whether his disbursements in connection with the lease will, or will not, be allowed upon the settlement of his accounts, depends upon whether the court does or does not approve of his action.

Appeal from a judgment on a counterclaim awarding specific performance of a contract to renew a lease.

*Thomas E. Rochfort*, for appellant.

*Elihu Root*, for respondent.

VAN BRUNT, P. J.—On September 18, 1882, the plaintiff held a lease of pier forty, from the city of New York, to expire May 1, 1887, which lease contained a privilege of renewal for five years, on the plaintiff's giving ninety days notice of his desire to avail himself of that privilege. Subsequently, in said year, the plaintiff let the premises to the Merchants and Miners' Transportation Company for the full term of years yet unexpired of the lease, with the privilege of renewal. In September, 1885, the transportation company let to the defendant the same premises for the balance of the original term, and assigned to him the privilege of renewal which said company had, such renewal to be obtained without liability of said company to the lessor on said renewal.

Ninety days before the expiration of the lease, defendant

notified plaintiff that he elected to have the lease from the city to plaintiff renewed, to which the plaintiff replied, refusing to recognize any right or interest which the defendant might have. The plaintiff exercised his privilege to have the original lease renewed, and a new lease for the renewal term was duly executed to him by the city. In April, the plaintiff notified the defendant that if he remained in possession after May 1st, the rent would be $20,000 a year, to which notice defendant replied that the plaintiff had no power to fix the rent, and on the same day notified him that as soon as the plaintiff gave him the renewal of lease, to which he was entitled, he would pay the rent called for by it. The right of the defendant to a renewal lease was denied by the plaintiff. The defendant remained in possession, and the plaintiff commenced this action to recover for use and occupation. The defendant, answering, set up, among things, the right to a renewal lease, arising from the facts above stated, and demanded a specific performance of the agreement to give a renewal. The plaintiff replied, denying the right to renew, and upon the issues thus joined, the counterclaim was tried at special term, and judgment thereon for the defendant rendered, and from such judgment this appeal is taken.

The grounds which the appellant urges are :

*First.* That the transportation company could not assign its covenant for renewal in such a way as to relieve itself of liability to plaintiff.

*Second.* That the assignment actually made by it was not complete, but dependent upon obtaining plaintiff's consent, which was never obtained.

*Third.* That the defendant had no authority to take the renewal lease.

The answer to the first and second grounds, above stated, seems to be that there is no provision in the agreement between Phelps and the transportation company that the company would not assign without Phelps' consent, and

22

there is nothing in said agreement which indicates that it is based on considerations personal to the transportation company. The transportation company had, therefore, a right to sublet and to assign its right to a new lease for the renewal term, and such right was not in any way dependent upon the consent of the lessor. Crosbie *v.* Tooke, 1 Mylne & Keen, 431.

If the plaintiff had desired to restrict this right of assignment, he might easily have done so, but not having done so, he cannot fetter a perfectly legal right by imposing a condition not contained in the original contract. The provision in the assignment to defendant that the renewal to him should be obtained without liability on the part of the company to the lessor, in no way affects the right to a renewal, as it had the right to do, and the assignee having, because of such assignment, become entitled to recover, as matter of right, from the lessor such renewal, no liability of the transportation company upon the renewal lease could exist.

The legal relations of the parties are precisely the same as though the plaintiff had agreed to give a renewal of this lease to the transportation company, or its successors or assigns. The words successors or assigns are entirely unnecessary to render this right to renewal transferable. In the agreement to renew, there being no indication that such agreement was made upon considerations personal to the company, it was just as transferable as though the word assigns had been inserted.

The only remaining ground is that the defendant had no authority to take the renewal lease. It may be doubtful whether this question can be raised under the pleadings, no such issue being presented.

In any event, if the defendant exceeded his duty as receiver in taking this lease, it is a matter for him to settle with the court, whose servant he was. It in no way concerned the plaintiff. The defendant, as receiver, would be

bound to the plaintiff, but whether his disbursements in connection with this lease would or would not be allowed upon the settlement of his accounts, depended upon whether the court did or did not approve of his action.

Furthermore, no such ground of refusal to execute a renewal was given at the time. If such ground had been stated it was possible for the receiver to remedy it. Where a refusal is absolute, it is a denial of the right under any conditions.

The reservation of the right to apply for further instructions was proper, as questions may come up in the execution of the decree which may require the consideration and direction of the courts.

The case upon appeal has been very imperfectly made up. No judgment roll is printed, and the first, second, third and fourth pretended findings of fact in no way comply with the requirements of the Code.

The judgment appealed from should be affirmed, with costs.

LAWRENCE, J., concurs.