BLOUNT, Respondent, v. CONNOLLY et al., Appellants.

St. Louis Court of Appeals, February 21, 1905.

1. LANDLORD AND TENANT: Renewal of Lease: Specific Performance. Where the habendum clause of a lease ran to the lessees and their assigns, a covenant of renewal ran with the land and the assignee of the original term could maintain an action to enforce the specific performance of the covenant to renew.

2. ———: ———: Justices of the Peace: Injunction. Where the landlord, at the expiration of the leasehold term, brought an unlawful detainer suit against the tenant before a justice of the peace, the latter could not set up his equitable right to compel a renewal in defense of the action, and his proper remedy was by action in the circuit court to enjoin and compel specific performance.

Appeal from Washington Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*M. E. Rhodes* and *James F. Green* for appellants.

(1)   Under the evidence in the case the decree should have been for defendants. Biddle v. McDonough, 15 Mo. App. 542; Hollman v. Conlon, 143 Mo. 378, 45 S. W. 275; Tool Co. v. Spring Co., 93 Mo. App. 540, 67 S. W. 967; Strohmaier v. Zeppenfeld, 3 Mo. App. 430; Arnot v. Alexander, 44 Mo. 27; St. Louis v. Gas Light Co., 70 Mo. 111; Transportation Co. v. Lansing, 49 N. Y. 499.   (2)   A lessee has no right to demand the renewal of a lease in the absence of an express contract.   Usually the option to select the alternative is with the lessor.   18 Am. and Eng. Enc. of Law, 631; Baman v. Binger, 65 Hun (N. Y.) 39; Smith v. Church, 107 N. Y. 610; 18 Am.   and Eng.   Enc. Law,   693. (3)   At the time of the assignment to plaintiff, there was less than two years of the original leasehold term, and the lease was, therefore, not assignable without the written assent of defendant Connolly. R. S. 1899, sec. 4107; McCartney v. Auer, 50 Mo. 395; Bank v. Clavin, 60 Mo. 559.

*E. M. Dearing* and *Byrns & Bean* for respondent.

(1)   The lease must be construed all together.   It was a lease for five years with the option to the lessee or his assigns to renew the lease at its expiration. This covenant to renew was firmly binding and was one of the considerations for which the lessee paid the rent agreed upon.   The covenant to renew a lease meant a renewal upon the same terms as the original lease.   18 Am. and Eng. Enc. of Law (New Ed.), 687, sec. D; 18 Am. and Eng. Enc. of Law (New Ed.), 695,   sec.   C; Lewis v. Stephenson, 78 Law Term Rep. 165.   (2)   It

is a universally recognized rule, that a court of equity
will compel specific performance by the lessor of his
covenant or agreement to renew the lease, and where
the right of the lessee to a renewal cannot be set up in
a court of law in defense of an action for possession by
the lessor, the court will restrain the lessor from con-
tinuing the proceeding for possession, pending the ac-
tion for specific performance.    Blackmore v. Board-
man, 28 Mo. 420; Arnot v. Alexander, 44 Mo. 25; Stroh-
maier v. Zeppenfeld, 3 Mo. App. 420; Ridgley v. Still-
well, 28 Mo. 400; Clemens v. Knox, 31 Mo. App. 190;
18 Am. and Eng. Enc. of Law (New Ed.), 695; Finney
v. Cist, 34 Mo. 303; Greenwald v. Schaales, 17 Mo. App.
324.  .(3)  The fact that the lease has been assigned
does  not  affect  the  right  to  specific  performance
neither does the fact that Joseph Connolly is dead ren-
der any less the liability of his devisee, Francis X. Con-
nolly, upon the lease.    Defendants herein recognized
the assignment of the lease to the plaintiff.   "Equity
binds privies as well as parties.   Equity binds execu-
tors, heirs, personal representatives, assignees and all
privies and parties in interest as well as the original
principals."   22 Am. and Eng. Enc. Law (Old Ed.),
934, sec. 3, and case cited therein.   (4)  An unilateral
contract for the purchase of land signed only by the
party  to be charged therewith is enforcible in equity.
Smith v. Wilson, 160 Mo. 657, 61 S. W. 597; Ins. Co.
v. Bank, 5 Mo. App. 336, 71 Mo. 58.   (5)   The lease in
question was assignable.    Donovan v. Brewing Co., 92
Mo. App. 341.   The covenant to renew the lease runs
with the land.   Defendant cannot question the assign-
ment.   Tool Co. v. Spring Co., 93 Mo. App. 530, 67 S.
W. 967; McClintock v. Joyner, 77 Miss. 680.

GOODE, J.—The petition in this case is in the na-
ture of a bill in equity to compel the defendants to
specifically perform a covenant of renewal contained
in a lease and to enjoin them from prosecuting an un-

lawful detainer suit before a justice of the peace for the possession of the premises. Said premises consist of a lot in the town of Potosi, Washington county, on which stand a storehouse and other structures occupied by plaintiff in his business of merchandizing. The lease was executed December 31, 1898, and created a term to run five years from January 1, 1899, at a rent of $30 a month. The lessor was Joseph Connolly and the lessees, William Bennett and Alexander Harrison, then merchants under the firm name of Bennett & Harrison. The contract of lease was in writing and contained a clause that if the rent reserved was not paid when due, the lease should be void and the lessor might, without notice or demand, enter and take possession of the premises. The clause in regard to renewal is as follows: "And the said Joseph Connolly hereby agrees to give the said Bennett & Harrison the option to renew this lease or to purchase the leased property upon such terms as may be agreed upon by both parties at the expiration of this lease." The lessor, Joseph Connolly, died in 1903, having devised the leased premises to the defendant, Frank X. Connolly, and appointed the other defendant, Joseph C. Connolly, executor of his will. In April, 1903, the lease passed by assignment of the original lessees to the plaintiff Blount from whom rent was accepted by F. X. Connolly, devisee of the lessor, until January 1, 1904. The rent was tendered for that month but refused and demand for possession having been made, the defendant in this suit instituted an unlawful detainer action before a justice of the peace to recover the premises. The plaintiff then began this suit, the purpose of which, as said above, is to compel a renewal of the lease and to restrain the prosecution of the suit before the justice. It should be stated that Blount, as assignee of the term, had notified F. X. Connolly, the owner of the fee, on December 1, 1903, that he demanded a renewal of the lease according to its terms.

No question is made about the sufficiency of this notice and the only point for decision is as to the right of the plaintiff as assignee, to enforce a renewal of the lease. The contention of the defendants is that the option to renew was personal to the original lessees, Bennett and Harrison, and did not pass to the benefit of their assignees. The habendum clause of the lease ran to Bennett and Harrison "and their assigns," and the covenant of Bennett and Harrison in regard to payment of rent was for themselves, their heirs and assigns. There seems to be no doubt that the covenant for renewal of the lease was annexed both to the reversion and the leasehold and ran with the land; therefore, it is binding on the defendant, F. X. Connolly, as owner of the fee, and enforceable by plaintiff as assignee of the original term. There is nothing in the lease instrument to signify an intention on the part of the original parties to confine the right to a renewal to the first lessees, and the decisions are uniform that, in the absence of such a restriction, the covenant for renewal runs to the assignees. [McClintlock v. Joyner, 77 Miss. 678; Blackmore v. Broadman, 38 Mo. 420; Finney v. Cist, 34 Mo. 304; Garnhard v. Finney, 40 Mo. 449; Arnot v. Alexander, 44 Mo. 25; Insteed v. Stonely, 1 Anderson's Rep. 82; Roe v. Hayley, 12 East. 464, 469; Hyde v. Skinner, 2 P. Wms. 197; Connor v. Withers, 49 S. W. 309 (Ky.); Downing v. Jones, 11 Daly 245; Betts v. June, 51 N. Y. 274; Phelps v. Erhardt, 5 N. Y. Supp. 540; Crook v. Crook, 20 Abbott (N. C.) 249; Kolaski v. Michaels, 120 N. Y. 635; Robertson v. Beard, 140 N. Y. 107; McAdam, Landlord and Tenant, p. 549; 18 Am. and Eng. Ency. Law (2 Ed.), p. 693.] The cases of McClintlock v. Joyner and Kolaski v. Michaels, supra, are identical with the present one in all respects and the other cases cited involve the same principles. They hold that a covenant of renewal runs with the land and passes to an assignee of the term. According to the general tests of whether a

covenant is personal to the covenantee or real and runs with the land, the covenant in the present lease passed by the assignment of the lease. [Champ Spring Co. v. Roth Tool Co., 93 Mo. App. 530.] The New York decisions all declare that covenants to renew a term are assignable and go with the leasehold. The case of Western Transportation Co. v. Lansing, 49 N. Y. 499, which is cited for the defendant as maintaining that a covenant of renewal in a lease is personal to the parties to the instrument, is not in point. The decision in that case was that the covenant relied on was not for the renewal of the lease at all; but was for a tenancy from year to year after the expiration of the original term and, therefore, terminable at the election of either party by giving the requisite notice.

The plaintiff could not set up his equitable right to an extended term growing out of the assignment to him of the covenant to renew, in defense of the unlawful detainer suit before the justice, and as equity will compel the specific performance of an agreement to renew, this suit was well brought. [Arnot v. Alexander, 44 Mo. 25; Biddle v. McDonough, 15 Mo. App. 532, 539.]

The judgment is affirmed. All concur.