## LESLIE V. MEDICUS, Respondent, v. T. A. L. ALTMAN, Appellant.

### Kansas City Court of Appeals, May 20, 1918.

1. **LEASE: Unrecorded Notice: Possession.** A became the owner
   of real estate upon which there was an unrecorded lease. He knew
   the tenant was in possession and accepted rent from him for sev-
   eral months. It was *held* that this justified a finding that A had
   notice of the lease.

2. ———: **Option: Extension: Holding Over: Election.** A tenant's lease
   was for three years, with a provision for an extension at his option,
   for two years more. The tenant never notified the landlord he
   desired the extension, but he held over and paid rent to the land-
   lord for several months. It was *held* that this was an election
   to take the extended term; and that the original lease was a
   present demise of the extended term.

3. ———: **Renewal: Unlawful Detainer: Injunction.** Where a lease
   provides for a renewal in the sense that a new lease is to be exe-
   cuted and the landlord refuses to renew and brings unlawful
   detailer against the tenant, before a justice of the pease who has
   not equity jurisdiction, the tenant may by bill in equity enjoin the
   prosecution of the unlawful detainer action.

4. ———: ———: **Extension: Same Terms: Original.** If there is to
   be a renewal of a lease as distinguished from an extension, it must
   clearly appear from the writing that such was the intention of
   the parties; and where the renewal was to be on the same terms
   as the original, it will be regarded merely as an extension of the
   original.

5. **OPTION: Holding Over: Equity: Original Lease.** Where a lease
   for three years provides for an extension for two years, at the
   tenant's option, and he hold's over, he will be considered as hold-
   ing under the original lease, and will not need the aid of a court
   of equity to maintain his right to the premises, since all of his
   rights may be asserted at law in defense in an action for unlawful
   detainer.

Appeal from Jackson Circuit Court.—*Hon. William O. Thomas,* Judge.

REVERSED.

*Sharp & Sharp* and *Ed. E. Aleshire* for appellant..

*W. F. Stafford* for respondent.

ELLISON, P. J.—Plaintiff's action is founded on a bill in equity to restrain defendant from prosecuting an action for unlawful detainer against plaintiff. The judgment in the trial court was for plaintiff.

It appears that Laura S. Eddy owned the property in question. She executed a lease to C. C. Rhodes on the 9th of January, 1914, for three years containing a provision that "The said C. C. Rhodes is to have the option of two years extension of this lease at the expiration of his term herein at the same rental." Rhodes assigned the lease to plaintiff on the 27th of September, 1915, and the latter went into possession.

After executing the lease to Rhodes, viz, on the 30th of August, 1914, she gave a deed of trust on the property, which was foreclosed on the 8th of September, 1916, and Gertrude Zeller became the purchaser; and she, in the next month, to-wit the 20th of October, sold it to defendant Altman, plaintiff being then in possession as tenant under the assignment of the Rhodes lease to him. Defendant Altman notified plaintiff that he had become the owner of the premises and to thereafter pay the rent to him. Plaintiff thereupon did pay to him the rent reserved in the lease for several months, up to April, 1917; the months of February and March being after the expiration of the original three years term. They were consequently within the two year extension period provided in the lease.

The lease given by Laura S. Eddy to Rhodes was not recorded but the fact that the plaintiff was in possession of the property as a tenant and that the defendant notified him that he had become the owner and that he (the

tenant) must pay the rent to him and that he accepted such rent for several months is evidence to fully justify the conclusion that defendant had notice of the lease. [Davis v. Briscoe, 81 Mo. 27, 37; Shafer v. Detie, 191 Mo. 377, 393; State Bank v. Frame, 112 Mo. 502, 509; Morrison v. Juden, 145 Mo. 282, 298; Quinn v. Valiquette, 80 Vt. 434, 447; 24 Cyc. 926.]

The lease being binding on defendant, the question arising on that fact is what rights has the plaintiff as tenant under the lease? We think that his holding over the original term (defendant acquiessing) and paying rent to defendant was an election to accept the extension for two years as provided in the lease. [Lewis v. Perry, 149 Mo. 257, 267, 268; Realty Co. v. Brecht, 109 Mo. App. 25; Insurance Co. v. National Bank, 71 Mo. 58; Miller v. Albany Lodge, 168 Ky. 755; Hurley Tobin Co. v. White, 84 N. J. Eq. 60; Kean v. Story Piano Co., 121 Minn. 198.] The lease may be said to be, in effect, a present demise for the term, as extended, with the right in the tenant to reject the extension, if he so elects.

But defendants have questioned plaintiff's remedy; and have affirmed that there was no necessity for a resort to equity, since every material part of his case could have been presented as defense in the unlawful detainer. If the provision in the lease were for a "renewal" for two years, and showed a new lease was intended, instead of an "extension" for that time, we could readily overrule the point since in that condition of case, under decisions in this State, it would require the interposition of equity to enforce a renewal provision by specific performance, and as a justice of the peace has not jurisdiction of questions in equity, the only remedy of the tenant, would be in the circuit court on a bill to restrain prosecution of the suit in unlawful detainer. [Finney v. Cist, 34 Mo. 303, 309; Blount v. Connolly, 110 Mo. App. 603.] But in those cases the lease contemplated the making of a new lease, if the tenant decided to keep beyond the original term. While in the case before us, the lease merely provides for an extension; no portion of it expressing, or

showing, any intention to provide for a new lease by renewal.

If a renewal is to be had, "The lease must clearly and positively show that the making of a new lease was intended." [2 Underhill on Landlord and Tenant, sec. 803.] In some of the States the courts seem to refuse to recognize any distinction between the words "renewal" and "extension," except, we apprehend, in instances where, as stated by Underhill, a renewal by a new lease, clearly appears to be the intention. [Perry v. Lime Co., 94 Maine 325, 334; Orr v. Doubleday Co., 157 N. Y. Sup. 1009, 1012.] But in the absence of a provision of the nature, expressed by Underhill the courts are inclined to the view that there is no practical difference, between a "renewal" and an "extension:" [Howell v. City of Hamburg, 165 California, 172, 177.] And we think the latter class has been chosen in this State. [Insurance Bldg. Co. v. National Bank, 71 Mo. 58, 60-62.] We feel it to be clear that where the "renewal" of the lease is to be on the same terms as the original, it would be a useless thing to execute a new paper; and therefore, the tenant, on exercising his option, will hold under the original lease, as upon an extension for the extended period provided for in that lease. The original lease, as already suggested, is a present demise of the extended term to take effect upon the option of the tenant.

It being thus made apparant that the plaintiff (the present tenant) is holding the extended term under the original lease, and that there is no necessity for a new lease, he does not require the aid of a court of equity to maintain his right to the premises, since all his rights to the property may be asserted at law in the action for unlawful detainer; and so it has been decided. [Rapp v. Williams, 1 Hun. 716; Bade v. Wallace, 96 Ill. App. 370.]

It follows that the plaintiff having no occasion for relief has no standing in equity and therefore the judgment will be reversed. All concur.