THE STATE OF MISSOURI EX REL. JOSEPH JACKLY, Petitioner, v. WILSON A. TAYLOR and MOSES HARTMANN, Judges of the Circuit Court of the City of St. Louis, Respondents.

St. Louis Court of Appeals. Opinion Filed June 6, 1922.

1. **UNLAWFUL DETAINER:** Justices of the Peace: Jurisdiction: Equitable Defenses: Remedy: Bill in Equity: Injunction. In ac-

State ex rel. v. Taylor & Hartmann.

tions of unlawful detainer which must be instituted before a justice of the' peace, the justice has no right or authority to inquire into equitable matters presented to defeat the action, and which, if sustained, would give defendant relief, but defendant's remedy is by a bill in equity to restrain the prosecution of the unlawful detainer suit and grant defendant the relief to which the equitable matters set up in his answer would entitle him.

2. ———: ———: ———: Answer: Equitable' Defenses: Justice and Circuit on Appeal Without Jurisdiction. An answer in an unlawful detainer suit which sets up that plaintiff and defendant had originally occupied the premises jointly; that later there was an oral agreement whereby they would lease and occupy the premises jointly so long as the lessor would lease it to them or either of them; that plaintiff obtained the lease papers and rent receipts from defendant and promised him to procure a new lease for them jointly, and informed defendant that he had done so, whereas, in fact, he took the lease to himself in violation of this agreement, and therefore defendant was lawfully in possession of the premises and was half owner of the lease, states an equitable defense, and the justice had no power to inquire and decide whether the contract ought to be enforced and to give equitable relief the defendant sought, and therefore, the justice not having jurisdiction, the circuit court could acquire none on appeal.

3. ———: ———: ———: ———: Failure to Pray for Equitable Relief: Effect. The fact that an answer setting up an equitable defense in an unlawful detainer suit does not pray for affirmative relief, does not give the justice jurisdiction to inquire and decide whether the contract ought to be enforced where the body of the answer does, in substance, seek equitable relief by stating an equitable right to retain possession of the premises.

4. NEW TRIAL: Pleading: Waiver: New Trial Granted: Restores Standing of Parties. Even though plaintiff waived his right to question the jurisdiction of the justice by going to trial on an answer setting up equitable defenses, a new trial having been granted, each party after the new trial was granted stood in the same position he did before any trial was had, no appeal having been taken.

## Mandamus.    Original Proceeding.

ALTERNATIVE WRIT QUASHED.

*S. F. Pinter* for petitioner.

(1)   Mandamus is the proper remedy to compel an inferior court to exercise a jurisdiction which the court has, which is properly invoked, and which the court refuses to exercise.   State v. Neville, 157 Mo. 386; State v. Phillips, 97 Mo. 331; State v. Smith, 177 Mo. 69; Lambert v. Robinson, 257 Mo. 584; State ex rel. v. Homer, 249 Mo. 58.   (2)   Under the constitution, this court is authorized to exercise the same superintending control over inferior Courts as the Supreme Court.   See constitution, Article 6, Section 12; State ex rel. v. Johnson, 138 Mo. App. 306.   (3)   The petition and summons in the unlawful entry and detainer suit together with the stricken defense presented a controversy of such a character that the Circuit Court had jurisdiction of the subject-matter and the parties, and the plaintiff, by twice going to trial upon this issue without objection, waived any right he might otherwise have had to object to the interposition of the defense. Meadows v. C. M. & St. P. Ry. Co., 82 Mo. App. 1. c. 91-92; Hubbard v. Quisenberry, 28 Mo. App. 20; Jones v. Railway, 59 Mo. App. 137; Cook et al. v. Spence & Harper, 143 Mo. App. 157. (4)   Defendant's claim, set out in his answer which was stricken out, to the effect that plaintiff was estopped by his conduct in the premises to assert that Jackly's possession of the premises was unlawful, simply sets forth a defense in the nature of equitable estoppel without asking for any affirmative relief, and in no way invokes a purely equitable jurisdiction, therefore, the defense is one which the Justice Court could have entertained in the first place.   Pitman v. Mining Co., 78 Mo. App. 438; Ming v. Olster, 195 Mo. 460; Bank of Neelyville v. Lee, 182 S. W. 1018; Citizens Trust Co. v. Going, 232 S. W. 996.

*S. E. Eaken* for respondent.

NIPPER, C.—Petition for writ of mandamus. Petitioner seeks the aid of the writ to compel the respondents, as judges of the circuit court, to assume jurisdiction, and try a suit in unlawful detainer upon the issues made by the complaint and answer, the petitioner's answer having upon motion been stricken from the files as setting up matters of defense over which the justice had no jurisdiction, as being equitable in their nature. The unlawful detainer suit was instituted by one Pozsar, against this petitioner, by filing complaint in a justice court. The case was taken to the circuit court upon appeal, where it was twice tried, and motions for a new trial were sustained. After the second trial, upon motion of plaintiff Pozsar, the defendant's answer was stricken from the files, except that portion which amounted to a general denial.

The amended answer filed by petitioner in the circuit court, in addition to a general denial, alleged that on or about February 15, 1920, one Walter Carrico leased from the Trebor Realty Company, the premises named in plaintiff's complaint, for the benefit of Ignatz Zykorski and Joseph Jackly, Carrico being then in occupancy of the premises; that on or about March 1, 1920, Carrico moved away from the premises, and turned the same over to Jackly; that Zykorski also assigned his interest in the premises to Jackly; that Jackly then took in plaintiff and jointly bought the farm implements, tools wagon, plows, horses, etc., Pozsar and Jackly each paying one-half of the purchase price, and that thereafter they used these implements and tools in working their respective portions of the premises; that Pozsar and Jackly mutually contracted and agreed that they would lease and occupy the premises jointly as long as the realty company would lease it to them, or either of them; that in pursuance of this agreement they occupied the premises jointly, and Pozsar, on or about November 1, 1920, procured from Jackly the lease papers and rent receipts which defendant had kept in his possession up to that time, Pozsar stating that he would procure a new lease for himself

and defendant, and in further pursuance of his agreement with defendant, he procured from the Trebor Realty Company a lease for a term of three years; that on or about January 15, 1921, Pozsar assured Jackly that he had obtained a lease for the two of them jointly. The answer further states that when Pozsar procured the three-year lease in his own name, he procured the same as to an undivided interest therein, for the benefit of Jackly, and that Jackly is now in possession of the said property by virtue of this lease so procured, as aforesaid, for his benefit, and that therefore Pozsar is estopped from claiming that Jackly's holding of the premises is unlawful; that Jackly rightfully and lawfully occupies the premises named in Pozsar's complaint, and is half owner of the lease. The prayer of the petition asks only that Jackly be discharged with his costs.

The premises in question are located at 7233 Arch avenue, St. Louis, Missouri, and consist of a residence, and about six acres of land adjoining and surrounding the same.

Respondents' return was in the nature of a general demurrer.

This case, in its final analysis, presents only one real question for our determination. Counsel for petitioner asserts that the answer filed in the circuit court, and which was stricken from the files, simply sets forth a defense in the nature of equitable estoppel, without asking for any affirmative relief, and therefore the defense is one which the justice court could have entertained, and therefore is such a defense as petitioner had a right to maintain in the circuit court upon appeal.

In Toler v. Edwards, 249 Mo. 152, 155 S. W. 26, and Pitts v. Pitts, 201 Mo. 356, 100 S. W. 1047, and many other cases of similar import, it is held, where the petition presents purely legal questions, and the answer, although equitable in its nature, sets up such equitable matters only as a bar to plaintiff's cause of action, and does not contain a prayer or request for any affirmative relief, such an answer does not convert the action into

a suit in equity. Many of these cases, however, were suits to quiet title, which must necessarily originate in the circuit court. However, our statute governing procedure in cases of that kind provides that, persons claiming title or interest in real property, whether the same be legal or equitable, may bring suit to determine such title, and the court may award full and complete relief, whether legal or equitable, and that such procedure shall conform to the provisions of the Code of Civil Procedure in force in this state. Under our Code of Civil Procedure, Section 1233, the defendant may set forth by answer as many defenses as he may have, whether they be such as have been heretofore denominated legal, or equitable, or both.

In actions of unlawful detainer, which must be instituted before a justice of the peace, it has been repeatedly held by this court, and our Supreme Court as well, that the justice has no right or authority to inquire into equitable matters presented to defeat the action, and which, if sustained, would give the defendant relief, but that defendant's remedy is by a bill in equity to restrain the prosecution of the unlawful detainer suit and grant defendant the relief to which the equitable matters set up in his answer would entitle him. [Ridgley v. Stillwell, 28 Mo. 400; Finney v. Cist, 34 Mo. 303; Gruenewald v. Schaales, 17 Mo. App. 324; Ver Steeg v. Becker-Moore Paint Co., 106 Mo. App. 257, l. c. 281, 80 S. W. 346; Blount v. Connolly, 110 Mo. App. 603, 85 S. W. 605; Medicus v. Altman, 199 Mo. App. 466, 203 S. W. 637.]

The first case so holding was Ridgley v. Stillwell, supra. This was an action for forcible entry and detainer brought before a justice of the peace and taken to the circuit court by *certiorari*. The defendant in that case sought to offer proof that there was a part performance of a parol contract, entitling him to specific performance, which would have defeated plaintiff's action, but the court held that "this proceeding was for an unlawful detainer, which was necessarily commenced before a justice of the peace, who had no power to inquire

and' decide whether the contract ought to be enforced and to give the equitable relief the defendant sought. If the defendant was entitled to have the parol agreement executed, his course was to have enjoined, in a court of competent jurisdiction, the proceedings before the justice until his equity could be determined."

This ruling was followed by our Supreme Court in Finney v. Cist, supra, in another action for unlawful detainer. In that case the term of the lease had expired, and the evidence showed that the lessee was entitled to a renewal. The court held "this was an equitable right which a justice of the peace could not inquire into and give the relief to which the lessee was in equity entitled. That this may be a hard case of oppression by the landlord, cannot affect the legal question involved. The lessee has his remedy in another form of action."

In Gruenewald v. Schaales, supra, another action of unlawful detainer, this court, speaking through Judge ROMBAUER, held that as this is purely a statutory action, which must originate before a justice of the peace, the equities of the defendant could not be asserted before a justice, and therefore the circuit court would acquire no jurisdiction.

In Ver Steeg v. Becker-Moore Paint Co., supra, l. c. 281, this court, speaking through Judge GOODE, held that "an agreement to give a lease or lands or tenements is not a defense to an action of unlawful detainer; because the right of the promisee to possession under such an agreement, is of an equitable character and cannot be enforced by a justice of the peace."

To the same effect are the other cases above cited, one by this court, and the other by the Kansas City Court of Appeals.

The case of Pitman v. Mining Co., 78 Mo. App. 438, relied upon by petitioner, is not in point, and is clearly distinguishable from the cases above cited, and, in fact, the opinion does distinguish between the rule therein announced and that of Ridgley v. Stillwell, supra. The answer in the present case asserts, in substance, that

Pozsar and Jackly originally occupied the premises jointly; that later there was an oral agreement, whereby they would lease and occupy the premises jointly so long as the Trebor Realty Company would lease it to them, or either of them; that Pozsar obtained the lease papers and rent receipts from Jackly, and promised him to procure a new lease for them jointly, and informed Jackly that he had done so, whereas, in fact, he took the lease to himself in violation of this agreement, and that therefore, Jackly was lawfully in possession of the premises, and was half owner of the lease. While the prayer asks for no affirmative relief, the body of the answer, in substance, does; and, as stated in Ridgley v. Stillwell, supra, the justice had no power to inquire and decide whether the contract ought to be enforced and to give the equitable relief the defendant sought. Therefore, the justice not having jurisdiction, the circuit court could acquire none on appeal.

The petitioner contends that Pozsar waived his right to question the jurisdiction by going to trial on the answer. However, when the new trial was granted, each party stood in the same position he did before any trial was had, no appeal having been taken. The question of waiver would be material if the case was here on appeal, but such is not the case.

It follows, therefore, that our alternative writ was improvidently issued, and should be quashed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of NIPPER, C., is adopted as the opinion of the court. The alternative writ is accordingly quashed. *Allen, P. J., Becker* and *Daues, JJ.*, concur.