GREENE *v.* LEEPER.

(*Knoxville,* September Term, 1951.)

Opinion filed December 14, 1951.

DODSON & DODSON, of Kingsport, for complainant.

JOHN R. TODD, JR., and WM. S. TODD, both of Kingsport, for defendant.

Mr. Justice Prewitt delivered the opinion of the Court.

This suit was brought under the declaratory judgment statute, Code Section 8835 et seq., by the complainant, David Greene, against the defendant, Edd Leeper, to determine the rights of the complainant and those of the defendant under a lease contract dated January 1, 1946 whereby property now owned by the defendant and located in the city of Kingsport was leased for a period of five years. The Chancellor held that the provision for renewal was too indefinite and dismissed the bill of the complainant Greene.

The contest is over the right of Greene to demand a five year renewal under the lease contract.

The contract contained the following provision: ''The parties of the second part have a right to renew this lease for another term of five years at a rental to be agreed on according to business conditions at that time.''

The only question involved in this cause is whether or not the provisions of the contract dated January 1, 1946 are valid so as to be extended to permit occupancy of Leeper's property for a five year period under the provision calling for a rental to be agreed on according to business conditions at that time. The Chancellor was of opinion, hearing the case on demurrer, that the con-

tract was too vague, indefinite and uncertain to be enforced.

 A renewal provision in a lease providing for an additional term of five years and leaving the amount of rent to be agreed on according to business conditions at the time of renewal is valid and enforceable. *Stone* v. *Martin,* 185 Tenn. 369, 206 S. W. (2d) 388, 389.

In the case cited, the lease contract provided "at the monthly value of like property at time of expiration."

 We think the equitable rule is that the primary and essential agreement is that renewal of the original lease and stipulations as to the amount of rent and methods of determining that amount are ancillary to the primary contract and matters of form rather than substance.

In *Stone* v. *Martin,* supra, this Court said: "Real estate experts, with a knowledge of local conditions, would have no difficulty in fixing the rental value under those directions."

No doubt a part of the consideration of the original lease was the provision therein contained as to renewal. In the present case, complainant had an established business and his five year contract was about to run out, and complying with the renewal provision, he notified the property owner of his desire to exercise his option. We see no reason why, in fairness to lessor and lessee, the fair value of the property could not be determined with reasonable accuracy.

In *Bechmann* v. *Taylor,* 80 Colo. 68, 249 P. 262, 263, the lease contract provided "at what the rent will be worth at that time."

In *Bird* v. *Couchois,* 214 Mich. 607, 183 N. W. 36, the lease contract provided "with the exception of the rate of rental, which shall be determined at said time of re-

newal between the parties; said rental to be a reasonable rental under the then existing conditions.''

In *Rainwater* v. *Hobeika,* 208 S. C. 433, 38 S. E. (2d) 495, 166 A. L. R. 1228, the lease contract provided the ''price to be agreed upon at that time''.

In *Slade* v. *City of Lexington,* 141 Ky. 214, 132 S. W. 404, 405, 32 L. R. A., N. S., 201, the lease contract provided upon ''terms as mutually agreed on at that time.'' See also *Young* v. *Nelson,* 121 Wash. 285, 209 P. 515, 30 A. L. R. 568.

In *Stone* v. *Martin,* supra, this Court, quoting from the conclusions of the Chancellor, said: ''The lease is normally drawn by the lessor, as was true herein, and should be construed most strongly against him. The lessee's option to renew, being only an option, is purely for the lessee's benefit and must be taken as a part of the inducing consideration for his contract, a thing for which he has paid in part. To deprive him of it would be a detriment solely to him, the lessor losing nothing for which he has bargained.''

Being of the opinion that the monthly rental can be determined with reasonable certainty by disinterested parties, we think the fair conclusion is that the lessee has a right to hold the premises for the additional five years provided he pays a reasonable rental to be determined as heretofore indicated.

It results that the decree of the Chancellor must be reversed and the cause remanded for further proceedings consistent with this opinion.