GEORGE Y. WORTHINGTON & SON MAN-
AGEMENT CORPORATION, Appellant,

v.

Louis LEVY, Mary Levy, Oscar Levy, Belle
L. Goldin, Samuel M. Levy and
Sara Meyers, Appellees.

No. 3502.

District of Columbia Court of Appeals.

Argued Sept. 9, 1964.

Decided Nov. 2, 1964.

Joseph H. Schneider, Washington, D. C., with whom Albert Ginsberg and Herbert D. Horowitz, Washington, D. C., were on the brief, for appellant.

S. Churchill Elmore and Herman Miller, Washington, D. C., for appellees.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

MYERS, Associate Judge.

This is an appeal by a corporate lessee from a judgment for possession of certain real estate based upon its default in rent payments.

Appellant leased the premises involved for use as a parking lot for a term of five years ending September 30, 1963, at fixed monthly rentals totaling $12,000 for the period. The lease contained an option to extend the term for an additional five years "at a rental to be agreed upon by both parties, such agreement to be based upon the prevailing fair rentals for similar property at that time." Appellant gave notice of its intention to exercise the option and offered to pay $500 per month. Appellees, the lessors, demanded a monthly rental of $800 plus current real estate taxes. The parties were unable to reach an agreement and appellees filed suit in the Landlord and Tenant Branch of the District of Columbia Court of General Sessions seeking restitution of the premises, alleging rent in arrears of $5,000 (based on a monthly rental of $1,000), but asking no judgment for back rent. In its answer, appellant denied any default and claimed the trial court lacked jurisdiction to determine the issues in the case.

It was conceded at trial that although appellant had tendered $500 per month during the five-month period since the original lease had expired, no rent had in fact been paid. Each tender was refused by appellees, who demanded $1,000 per month.

Upon conclusion of the case, the trail judge, treating appellant's answer as a counterclaim, ruled that the Landlord and Tenant Branch had jurisdiction to make a determination as to the fair monthly rental, that such rental was $800 per month, and that, as appellant was in default in its rent payments, appellees were entitled to a judgment for possession.

The primary contention upon appeal is that the trial judge erred in concluding that he had authority to make a decision as to a fair monthly rental when the parties had not been able to agree on such an amount. Appellant argues that this should have been first determined by means of an appropriate action in the Federal District Court seeking a declaratory judgment. We do not agree.

There can be no dispute that, except in those cases where title to the land is necessarily and directly in issue, the Landlord and Tenant Branch has jurisdiction to try an action to recover possession of real property. Mindell v. Glenn, D.C.Mun.App., 65 A.2d 340, 342 (1949); Service Parking Corp. v. Trans-Lux Radio City Corp., D.C.Mun.App., 47 A.2d 400, 403 (1946); 16 D.C.Code § 1501 (Supp. III).

It is also settled that when a tenant is sued for possession for nonpayment of rent, he may present any equitable defense sufficient to defeat the landlord's claim

in order to avoid circuity of action. Seidenberg v. Burka, D.C.Mun.App., 106 A.2d 499, 500 (1954); Zindler v. Buchanon, D.C.Mun.App., 61 A.2d 616, 618 (1948); 13 D.C.Code § 214. A denial of any default in rent payments is in effect an equitable defense to the landlord's claim for possession. Smith v. O'Connor, 66 App.D.C. 367, 369, 88 F.2d 749, 751 (1936).

■ The trial court may dispose of an issue raised by way of defense even though it might not have had jurisdiction to decide the same issue if it had been raised initially by complaint. In Geracy, Inc. v. Hoover, 77 U.S.App.D.C. 55, 133 F.2d 25, 147 A.L.R. 185 (1942), where the landlord sued for restitution of the leased premises, the tenant denied any default in rent and alleged the landlord owed for negligent damage to some chattels on the premises in an amount which at that time exceeded the jurisdictional limitation of the then Municipal Court. The court held:

"That the Municipal Court lacked jurisdiction to give judgment in the amount of $2859.05 is not disputed. But that it had jurisdiction to try a defense, voluntarily submitted, to appellee's claim for possession and for rent is beyond dispute. As appellant elected to plead its claim as a defense, the issue was within the jurisdiction of that court." 77 U.S.App.D.C. at p. 57, 133 F.2d at p. 27.

Antonelli v. Smith, D.C.Mun.App., 113 A.2d 570 (1955), involved an action by a landlord for possession of realty for rent in arrears. The tenants defended by way of recoupment, asserting the landlord was liable to them in an amount exceeding the unpaid rent. Although the jury verdict upheld the landlord's right of possession, the court said:

"Although it is true that under Landlord and Tenant rule 4(c) affirmative relief could not have been awarded tenants by way of counterclaim because the landlord was not demanding a money judgment for the delinquent rent nevertheless the trial court had jurisdiction to try the defense voluntarily submitted to landlord's claim for possession." Id. at p. 572.

■ In actions for possession of real property by reason of default in rent, where no money judgment for the back rent is sought, it is nevertheless proper practice for the trial court to specifically find the amount of rent in arrears. Trans-Lux Radio City Corp. v. Service Parking Corp., D.C.Mun.App., 54 A.2d 144, 146 (1947). This determination, however, is but incidental to the primary claim which remains basically and essentially one for possession. Shipley v. Major, D.C.Mun.App., 44 A.2d 540, 541 (1945). While any default in rent may support a judgment for possession, a determination of the arrears in rent informs the tenant of the amount he is required to pay, and the amount the landlord is entitled to receive, in order to stay enforcement of the judgment for restitution and afford relief to the tenant from forfeiture of the lease by permiting payment of arrears before or after judgment. Molyneaux v. Town House, Inc., D.C.App., 195 A.2d 744, 746 (1963).

■ Here, since appellant's denial of delinquency raised an equitable defense to appellees' suit for possession, the trial court had jurisdiction to determine the amount of arrears in reaching its decision. Although the defense was erroneously classified as a counterclaim, this error was harmless as no money judgment was demanded or entered and the trial judge in fact properly considered appellant's denial of delinquency in rent only as a defense.

■ The trial court also ruled that the option provision in the lease was enforceable. As a general rule, an option for the extension or renewal of a lease must specify the time the lease is to extend and the rate of rent to be paid with such a degree of certainty and definiteness that nothing is left to future determination. If it falls short

of this requirement, it is not enforceable. Slayter v. Pasley, 199 Or. 616, 264 P.2d 444, 446 (1953); Morris v. Ballard, 56 App. D.C. 383, 384, 16 F.2d 175, 176, 49 A.L.R. 1461 (1926).

A well-reasoned line of decisions broadens the rule to include option provisions which comprehend a clear and definite basis or mode whereby a court can reasonably reach a determination of the future rental if the parties cannot agree on such a rate. Under these cases, instead of demanding a degree of certainty which leaves nothing to future decision, the courts are satisfied if the provision clearly establishes a mode for ascertaining the future rental by employing words or phrases which of themselves connote or are legally synonymous with "reasonable rent." Slayter v. Pasley, supra; Bechmann v. Taylor, 80 Colo. 68, 249 P. 262; Arnot v. Alexander, 44 Mo. 25, 100 Am.Dec. 252; Greene v. Leeper, 193 Tenn. 153, 245 S.W.2d 181; Williston, Contracts (3rd ed.) § 45, pp. 151, 152; 5A Corbin on Contracts § 1174 pp. 287, 288. In Edwards v. Tobin, 132 Or. 38, 40, 284 P. 562, 564, 68 A.L.R. 152, faced with an option for a renewal at a "reasonable rental under the then existing circumstances," the court, in enforcing the agreement found that the parties had expressly agreed on the criterion for the ultimate determination of the amount of rent and on the time when the reasonableness of the rate was to be determined, and ruled, "It is not a question of making a new contract for the parties, but it is rather one of compelling the doing of that which was plainly contemplated."

We agree with this broader view that, without making a new contract for the parties by the insertion of words omitted from the instrument itself, the court may look to the language of the option to discover existing words or phrases of sufficient clarity to enable the court to afford appropriate relief in terms of what therein is expressed.

Here the option provided for an additional five years "at a rental to be agreed upon by both parties, *such agreement to be based upon the prevailing fair rentals for similar property at that time.*" [Emphasis supplied.] This phrase provides a definite criterion for the ultimate determination of the rent for the additional term and renders the provision enforceable. Applying the method so provided in the option agreement, the trial court, upon the basis of competent testimony, found that a fair rental in accordance with "prevailing fair rentals of similar properties at that time" was $800 per month. As appellant had in fact paid no rent for the continued use and occupancy of the leased premises, the judgment for possession was properly granted.

Affirmed.