# PLAYMATE CLUB, INC. v. COUNTRY CLUBS, INC.
## —462 S.W.2d 890.

Eastern Section. March 25, 1970.

Certiorari Denied by Supreme Court September 8, 1970.

Joseph J. Levitt, Knoxville, for appellant.

William E. Badgett, Knoxville, for appellee.

COOPER, J. The Playmate Club, Inc. and William J. Sharp, Jr. brought separate suits against the Country Clubs, Inc. in the Chancery Court of Knox County, primarily to have the Chancellor declare the rights of the parties under described lease agreements. Country Clubs, Inc. filed an answer and cross-bill in each case, seeking a writ of possession and damages allegedly resulting from complainants' failure to vacate the premises.

The suits, being predicated on identical leases, were consolidated for trial.

On trial, the Chancellor dismissed the original bills and awarded the lessor possession of the leased premises under its cross-bill, but no damages.

Playmate Club, Inc. and Country Clubs, Inc. appealed. No appeal was perfected by the lessee, William J. Sharp, Jr.

The essential facts are not in dispute. The evidence shows the Playmate Club leased the "entire second floor of the building owned by Lessor [Country Clubs, Inc.] * * * located at 509 West Clinch Avenue, Knoxville, Tennessee," and the "air conditioners, furnishings and fixtures now in said premises." William J. Sharp, Jr., individually, leased from Country Clubs, Inc. that part of the 509 Building known as "The Den." The term of each lease was for two years, with the primary term to expire October 31, 1968.

Each of the lessees was granted an option to renew "for an additional two-year period; PROVIDED, however, * * * Lessee shall give Lessor written notice of its intention to exercise said option to renew this lease * * * at least thirty (30) days prior to the expiration of this lease."

The lessees each agreed to pay a rental of $200.00 per month; "with the understanding, however, that if Lessee exercises the option to renew said lease after expiration of the term herein granted, *the amount of rental during such renewal period will be set by agreement of the parties.*" (emphasis supplied)

Lessees gave notice of their intent to exercise the options to renew by letter postmarked October 3, 1968, 28 days prior to the expiration of the original term of the leases.

The defendant, without making reference to the lateness of the renewal notice, accepted rent payment and wrote lessees on October 21, 1968, stating alternative rental provisions under which the option could be exercised.

Lessees neither agreed to pay the rental sought for the renewal period by the lessor, nor made a counter-offer, giving as their reason their inability to locate and contact lessor's president.

Lessees continued to occupy the leased premises and to make monthly rent payments of $200.00 per month, which were accepted by the lessor.

On December 9, 1968, the lessor advised the lessees to vacate the leased premises "because of their failure to comply with terms of the renewal of option under the lease."

Lessees refused to vacate. After a series of legal maneuvers not important to a decision in this case, the lessees filed their separate suits in the Chancery Court of Knox County.

On considering the above evidence, the Chancellor concluded (1) the renewal provision in the leases was indefinite and could not be enforced, and (2) that the lessees had failed to exercise their option to renew within the time limit set by the lease. The Chancellor also found the lessor had failed to prove any loss resulted from lessees refusal to vacate the premises.

There is a decided conflict in the authorities as to the effect of a renewal clause where the rent is to be fixed by agreement of the parties, with the numerical majority of the courts holding such a renewal clause to be void for uncertainty. See 30 A.L.R. 572; 68 A.L.R. 17; 166 A.L.R. 1237. See also 32 Am.Jur., Landlord and Tenant, Sec. 965, p. 810, wherein it is stated:

"A renewal covenant in a lease which leaves the renewal rental to be fixed by future agreement between the

parties has generally been held unenforceable and void for uncertainty and indefiniteness * * * There is, however, authority that a provision for renewal is not invalid because the rental is to be fixed by agreement of the parties, since upon failure of the parties to agree the amount will be fixed by the court at what is reasonable, and it has been held that an option for a renewal at a rental satisfactory to both parties, or to be determined by them at the time of the renewal as being what is reasonable under existing conditions, is valid and enforceable.''

Those courts adopting the majority rule do so on the theory that the courts cannot make a contract for the parties and cannot compel the parties to agree upon a rental; consequently, a renewal provision depending upon the parties voluntary agreement for its effectiveness is indefinite and is void *ab initio*. See cases in note in 30 A.L.R. 568. See also Hall v. Weatherford, 32 Ariz. 370, 259 P. 282, 285, 56 A.L.R. 903; Rainwater v. Hobeika, 208 S.C. 433, 38 S.E.2d 495, 166 A.L.R. 1228; Keating v. Michael, 154 Ark. 267, 242 S.W. 563. The Courts holding renewal provisions providing for the rent to be set by agreement of parties to be valid reason that the renewal provision, being for the benefit of the lessee, forms a part of the consideration which induced the lessee to execute the contract; that a reasonable renewal rent under the circumstances of the case was implied by the contract, and that, if the parties could not agree upon what was reasonable, the amount would be fixed by the court. See Hall v. Weatherford, supra; Young v. Nelson, 121 Wash. 285, 209 P. 515, 30 A.L.R. 568; Rainwater v. Hobeika, supra. See also Edwards v. Tobin, 132 Or. 38, 284 P. 562, 564, 68 A.L.R. 152 where the Court had the

following to say in holding valid a renewal clause which provided rental was to be determined by the parties at the time of renewal:

"What logical reason is there for equity to refuse to act when the parties themselves fail to agree on the rental? It is not a question of making a new contract for the parties, but is rather one of compelling the doing of that which was plainly contemplated. If there be any uncertainty or ambiguity in the lease, and we see none, it should be construed most strongly against the landlord or the party granting it. The vital question is, Is the clause in the lease providing for renewal too indefinite and uncertain to enforce? We think it is not."

The Supreme Court of Tennessee now seems to be aligned with the growing number of courts holding that a renewal provision, which leaves the rental to be fixed by future agreement of the parties, is valid and enforceable. See Greene v. Leeper, 193 Tenn. 153, 245 S.W.2d 181.

In the Leeper case, supra, the contest was over the right of the lessee to demand a five year renewal under the lease contract which provided: "The parties of the second part have a right to renew this lease for another term of five years *at a rental to be agreed on according to business conditions at that time.*" (emphasis supplied)

The Supreme Court, in holding the renewal provision to be valid and enforceable, stated:

"We think the equitable rule is that the primary and essential agreement is that renewal of the original lease and stipulations as to the amount of rent and methods of

determining that amount are ancillary to the primary contract and matters of form rather than substance.

*     *     *     *     *     *

"No doubt a part of the consideration of the original lease was the provision therein contained as to renewal. In the present case, complainant had an established business and his five year contract was about to run out, and complying with the renewal provision, he notified the property owner of his desire to exercise his option. We see no reason why, in fairness to lessor and lessee, the fair value of the property could not be determined with reasonable accuracy."

The court cites cases where similar renewal provisions have been upheld, including,

"* * * Rainwater v. Hobeika, 208 S.C. 433, 38 S.E.2d 495, 166 A.L.R. 1228, [where] the lease contract provided the 'price to be agreed upon at that time.'

"* * * Slade v. City of Lexington, 141 Ky. 214, 132 S.W. 404, 405, 32 L.R.A., N.S., 201, [where] the lease contract provided upon 'terms as mutually agreed on at that time.' See also Young v. Nelson, 121 Wash. 285, 209 P. 515, 30 A.L.R. 568."

The Supreme Court then goes on to say, as stated by other courts which have upheld renewal provisions where rent to be fixed by agreement of the parties, see citations set out above),

" 'The lease is normally drawn by the lessor, as was true herein, and should be construed most strongly against him. The lessee's option to renew, being only an option is purely for the lessee's benefit and must be taken as a part of the inducing consideration for his contract, a

thing for which he has paid in part. To deprive him of it would be a detriment solely to him, the lessor losing nothing for which he has bargained.'

"Being of the opinion that the monthly rental can be determined with reasonable certainty by disinterested parties, we think a fair conclusion is that the lessee has a right to hold the premises for the additional five years provided he pays a reasonable rental to be determined as heretofore indicated."

■ We hold then, in principle, that a renewal clause in a lease leaving only the rent to be fixed by agreement implies a reasonable rental figure under the conditions existing at the time the option to renew is exercised—a figure which can be ascertained with reasonably certainty, thus meeting the test of "definiteness"—and that such a renewal clause is valid and enforceable.

■ The lessor takes the position in argument that if the renewal provision is valid and enforceable, the notice mailed by the lessee on October 3, 1968, was too late to be effective to renew the lease. As noted above, the contract provides for notice of renewal to be given "at least (30) days" prior to October 31, 1968. The notice was mailed 28 days before the termination date of the original term of the lease. It does not necessarily follow, however, that the notice was not effective to renew the lease.

"It is well settled that the lessor may waive the requirement in a lease of notice by the lessee of renewal at or within a certain time. As a general rule, it seems that the lessor's acceptance, without objection, and his acting upon a notice not given within the required time constitutes a waiver. A waiver will be implied where

the lessee remains in possession and pays the rent to the lessor.'' 30 Am.Jur., Landlord and Tenant, Sec. 980 p. 823, quoted and followed in Noles v. Winn Oil Co., 30 Tenn.App. 227, 204 S.W.2d 539.

In the instant case we are of the opinion that when the lessor accepted and acted upon the notice of renewal and accepted subsequent rent payments, all without protest that the notice came too late, the lessor waived the time requirement for giving of effective notice of renewal.

██ Being of the opinion the renewal clause in the lease contract is valid and enforceable and that the notice of renewal given by the lessee was effective, it follows that the lessor could not be entitled to damages for failure of the lessee to vacate the leased premises on expiration of the primary term of the lease. The assignments of error of the lessor directed to the Chancellor's finding on this issue are overruled.

The decree of the Chancellor dismissing the bill filed by the lessee is reversed, and the cause is remanded generally, and specifically for the determination of a reasonable rental to be paid by the lessee for the renewal period. Costs of the appeal are adjudged against the lessor, Country Clubs, Inc. and its surety.

McAmis, P. J., and Parrott, J., concur.