**Joe M. AYCOCK, Appellant,**

v.

**VANTAGE MANAGEMENT COMPANY, Appellee.**

No. 19234.

Court of Civil Appeals of Texas, Dallas.

June 24, 1977.

Rehearing Denied Aug. 11, 1977.

Richard F. McMullen, McMullen & Porter, Dallas, for appellant.

Robert Harms Bliss, Dallas, for appellee.

GUITTARD, Chief Justice.

This action was brought by a lessor of real estate against his lessee for a judicial declaration that the renewal option in the lease is unenforceable because it fails to specify the amount of the rental for the renewal term. The trial court rendered summary judgment so declaring, and the lessee appeals on the ground that the lease contains a sufficiently definite standard by which the rental may be determined. We agree that the option is not void for uncertainty. Accordingly, we reverse and remand for further proceedings.

The lease was apparently prepared by the lessor, since the lessor's name appears in the printed form. The primary term is forty months, and the lease provides that if at the end of the primary term the lessee is not in default, he is granted an option to renew for an additional term of thirty-six months. The provision for the rental for the renewal term is as follows:

(b) The rental for the renewed term shall be based on then prevailing rental rates for properties of equivalent quality, size, utility and location, with the length of the Lease term and credit standing of the Lessee to be taken in account. If Lessee desires to renew this Lease, Lessee will notify the Lessor its intention to renew no later than six months prior to the expiration date of the Lease; Lessor shall, within the next fifteen (15) days, notify Lessee in writing of the proposed renewal rate and the Lessee shall, within the next fifteen (15) days following receipt of the proposed rate, notify the Lessor in writing its acceptance or rejection of the proposed rental rate.

In support of the judgment declaring the option void, the lessor contends that it is only a "contract to enter into a contract," citing for this general principle *Stekoll Petroleum Co. v. Hamilton*, 152 Tex. 182, 255 S.W.2d 187 (1953), and *Radford v. McNeny*, 129 Tex. 568, 104 S.W.2d 472 (1937), and citing also with respect to lease-renewal options, *Schlusselberg v. Rubin*, 465 S.W.2d 226 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.).

Even if the present lease should be interpreted as providing an option to renew at a rental to be agreed on at the time of renewal, the unenforceability of such an option cannot be regarded as settled under the Texas decisions. In *Pickrell v. Buckler*, 293 S.W. 667, 669 (Tex.Civ.App.—El Paso 1927, writ ref'd n.r.e., 116 Tex. 567, 296 S.W. 1062), the El Paso Court of Civil Appeals refused to enforce such an option, but the supreme court, in refusing writ of error on other grounds, expressly stated: "We are not inclined to the view that the covenant to renew in the original lease was void for uncertainty." *Pickrell v. Butler*, 116 Tex. 567, 296 S.W. 1062 (1927). In *Schlusselberg v. Rubin*, 465 S.W.2d 226, 228 (Tex.Civ.App.—El Paso 1971, writ ref'd n.r.e.), the El Paso court again held another such option to be unenforceable, and the supreme court again refused a writ with the notation "no reversible error," but this time gave no further indication of its views. In some other jurisdictions, renewal options are enforced even though the amount of the rent is left for further agreement. *Hall v. Weatherford*, 32 Ariz. 370, 259 P. 282, 56 A.L.R. 903 (1927); *Playmate Club, Inc. v. Country Clubs, Inc.*, 62 Tenn.App. 383, 462 S.W.2d 890, 58 A.L.R.3d 494 (1970).

Lessee argues, however, that we need not go all the way with these cases because this lease provides a standard to be applied in determining the rental, namely, that it shall be "based on then prevailing rental rates for properties of equivalent quality, size, utility and location, with the length of the Lease term and credit standing of the Lessee to be taken in account." We agree that the quoted provision is sufficiently definite to be enforceable. Although we have found no Texas decisions on the point, in other jurisdictions renewal options are frequently enforced if the lease prescribes a standard of reasonableness, or the equivalent, in determining the rental. For instance, it has been held that an option to renew a lease at a rate to be determined at the time of the renewal, "said rate to be

a reasonable rental under the then existing conditions," is valid and enforceable. *Edwards v. Tobin,* 132 Or. 38, 284 P. 562, 68 A.L.R. 152 (1930).[1] Likewise, an option to renew "at a rental to be agreed upon by both parties, such agreement must be based upon the prevailing fair rentals for similar property at that time," has been held valid. *George Y. Worthington & Son Management Corp. v. Levy,* 204 A.2d 334 (D.C.App.1964). Other cases applying the same principle include: *Pittsburgh Allied Fabricators, Inc. v. Haber,* 440 Pa. 545, 271 A.2d 217, 219 (1970); *Moolenaar v. Co-Build Cos.,* 354 F.Supp. 980, 982–85 (D.C.V.I.1973); *Bechmann v. Taylor,* 80 Colo. 68, 249 P. 262, 263 (1926); *Greene v. Leeper,* 193 Tenn. 153, 245 S.W.2d 181, 181–82 (1951).

The lessor argues that the present provision is less definite than a provision for a "reasonable" rental because it provides that the credit standing of the lessee may also be taken into account. The lessor's motion for summary judgment does not show that the credit standing of the present lessee is weak, and the lessor makes no contention that such credit standing is a material factor that would affect the amount of a reasonable rental in the present case. In the absence of such evidence, we cannot assume that the lessee's poor credit standing would be a material factor.

■ We conclude that a contract is sufficiently definite for enforcement, although the performance of one of the parties is to be measured by a standard of reasonableness, if the contract expressly so provides, and that this principle applies to the matter of monetary compensation when the parties have agreed to be bound by that standard. 1 A. Corbin, *Contracts,* § 97 (1963). Professor Corbin points out that all contracts have some degree of indefiniteness and uncertainty, but that people should be held to the promises they make and that if gaps are filled in accordance with what the parties have said, the result is more just to both than would be a refusal of enforcement. 1 Corbin, *supra,* § 95 at 396, 400, § 97 at 426. This principle has been applied to a contract for sale of corporate stock in *Bendalin v. Delgado,* 406 S.W.2d 897, 900 (Tex.1966). It has been adopted with respect to sales of goods in the Uniform Commercial Code, which provides that the parties may be bound by a contract which fails to specify the price if they so intend, and if they later fail to agree on the price, it is a reasonable price at the time of delivery. Tex.Bus. & Comm.Code Ann. § 2.305(a) (Vernon 1968). Although this section is not by the terms of the Code applicable to a lease of real estate, we regard the principle as sound and see no reason why it should not apply here. *Pollard v. Saxe & Yolles Development Co.,* 12 Cal.3d 374, 115 Cal.Rptr. 648, 525 P.2d 88, 92 (1974); and see *Rogowicz v. Taylor and Gray, Inc.,* 498 S.W.2d 352, 355 (Tex.Civ. App.—Tyler 1973, writ ref'd n.r.e.).

■ In the present lease, the parties have gone further than simply to provide for a reasonable rental. They have enumerated the factors to be considered so that determination of the rental should not be arbitrary or capricious. Moreover, a procedure for determining the amount is prescribed as follows:

> If Lessee desires to renew this Lease, Lessee will notify the Lessor its intention to renew no later than six months prior to the expiration date of the Lease; Lessor shall, within the next fifteen (15) days, notify Lessee in writing of the proposed renewal rate and the Lessee shall, within the next fifteen (15) days following receipt of the proposed rate, notify the Lessor in writing its acceptance or rejection of the proposed rental rate.

The lessor argues that this provision leaves him at liberty to frustrate the procedure specified in the lease by proposing an

1. *Edwards v. Tobin* was distinguished by the Oregon court in its later decision in *Slayter v. Pasley,* 199 Or. 616, 264 P.2d 444, 446–47 (1953), refusing to enforce a renewal option which contemplated a further agreement between the parties. The court said that in *Edwards* and other cases like it, the contract fixed a standard of reasonableness enabling the court to enforce the original contract according to its terms without making a contract that the parties had failed to make.

unreasonably high renewal rate. We cannot agree. Since the lessor is obligated to propose a rate consistent with the factors enumerated, it must make that determination in good faith, and if it fails to act in good faith or fails to propose any rate at all, as it did in the present case, it may be deemed to have waived its right to propose the rate and thus to leave the matter for the court's determination. The section of the Uniform Commercial Code above mentioned provides that a price to be fixed by one of the parties means a price for him to fix in good faith. Tex.Bus. & Comm.Code Ann. § 2.305(b) and (c) (Vernon 1968).

The same principle has been applied to a sale of land in *Young v. Warren,* 444 S.W.2d 777 (Tex.Civ.App.—Beaumont 1969, writ ref'd n.r.e.). There the parties were cotenants in a tract of land, and the plaintiff wrote a letter to the defendant enclosing a deed and saying, "[J]ust send me a check for whatever amount you think is a fair price for my half interest." The defendant accepted the deed and filed it for record, and later he offered to pay the plaintiff $3,000 for the half interest. The plaintiff did not believe this to be a fair price and sued for the reasonable cash value. The jury found that defendant did not believe $3,000 to be a fair price and that the reasonable cash value was $5,169. In affirming a judgment for the larger amount, the court held that the contract was not unenforceable merely because no specified amount of money was mentioned in the offer. The court concluded that since the defendant accepted the offer by recording the deed, he became bound to pay an amount which the defendant thought was fair, but that the defendant's own testimony showed that he did not believe $3,000 to be a fair price. The court went on to say:

> The defendant, by failing to offer a fair price, arrived at in good faith (i. e. fair market value), is in no position to complain that the plaintiff has been compensated for the breach by an allowance of the fair cash market value of the property. The defendant cannot escape the payment of a fair price by simply declining to offer his own subjective evalua-

tion of the property which he now owns. Plaintiff could not prove what the "fair price" might have been to the defendant for such was locked securely and irretrievably in defendant's own mind.

We have no difficulty in applying this principle to the present case. By the terms of the lease which the lessor itself evidently prepared, the lessor expressly promised to make a proposal for a rental for the renewal term, and by enumerating the factors to be considered in proposing such a rental, it impliedly obligated itself to make its proposal in good faith. This promise was presumably part of the original inducement to the lessee to accept the lease. Consequently, the lessor cannot now escape its obligation by asserting that its proposal might not be made in good faith. Since the lease evidences unequivocally the intention of the lessor, as well as the lessee, to be bound by a provision that did not specify the exact rental, we see no reason to hold that it is not bound by that provision. The nature of the lessee's remedy in the event the lessor fails to make a proposal in good faith is a matter not now before us. It is sufficient for the present to hold that the renewal option is sufficiently definite to be enforceable under the circumstances of this case. Accordingly, the judgment of the trial court is reversed, and the cause is remanded with instructions to proceed in accordance with this opinion.

Reversed and remanded with instructions.